UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,

      Plaintiff,

                                               07-3025

CAROL VANCE,
JANE/JOHN DOE,

      Defendants.

## Order

      Petitioner has been granted leave to proceed *in forma pauperis* (2/8/07 text entry). This order delineates the claims that will proceed in this case.

      Plaintiff alleges that he filled out a request slip to Carol Vance in August 2006, asking for an absentee ballot. However, he did not receive an absentee ballot because "somebody messed up and didn't get me registered in time." The possibility of a federal claim seems remote. "Negligence on the part of an official does not violate the Constitution, . . . ." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004), *citing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.1996). However, Plaintiff stated at the *in forma pauperis* hearing that Carol Vance harbors personal animus toward Plaintiff and that she controls the absentee ballots. Plaintiff appears to assert that Vance intentionally prevented him from voting; that is how is claim is construed.

      Plaintiff also alleges that Vance is falsifying his medical records and refusing to send him to an outside hospital, though the doctors have recommended it. At the *in forma pauperis* hearing, Plaintiff stated that he had pain in his back, neck, shoulder and wrist, arising from an injury at Joliet. He also stated that he was not receiving prescribed medication. These allegations sufficiently state a claim against Vance at this point.

      The plaintiff is warned that he may be assessed costs pursuant to Fed. R. Civ. P. 54(d) if the defendants prevail in this action. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)(upholding assessment of costs against indigent pro se plaintiff–"...[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike."); *see also Sassower v. American Bar Association*, 33 F.3d 733, 736 (7th Cir. 1994)(directing courts to require $5,000 bond to cover costs under Fed. R. Civ. P. 54(d) and potential sanctions under Fed. R. Civ. Proc. 11 before ordering defendants to respond to a pro se litigant's complaint); *Anderson v. Steers*, 998 F.2d 495, 496 (7th Cir. 1993)(upholding requirement that pro se plaintiff post $10,000.00 bond in

"apparently frivolous" action).  The plaintiff may be required to post bond before proceeding in future cases if he has outstanding debts for assessed costs, fees or sanctions.

    IT IS THEREFORE ORDERED:

    1) This case proceeds solely on Plaintiff's claims that Defendant Vance violated Plaintiff's First Amendment right to vote, and violated Plaintiff's Fourteenth Amendment rights regarding his medical care.

    2)  This case is referred to the Magistrate Judge for entry of a Scheduling Order.

    3)   Defendant Vance shall file an Answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    4)  The plaintiff must identify the names and work addresses of his Doe defendants in order to effect service on them.  The Marshals cannot serve unidentified defendants.  If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have appeared, or, if those defendants do not provide an answer, a motion to compel with the court.  Failure to timely identify and serve the Doe defendants will result in their dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m);

    Entered this   30th    Day of      April         , 2007.

                                                                        S/  HAROLD A. BAKER
                                                                        HAROLD A. BAKER